**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
DEC 13 2005
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY J. STONE,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION; et al.,<br><br>    Defendants - Appellees,<br><br>and<br><br>PAT HAMAMOTO; et al.,<br><br>    Defendants. | No. 04-16396<br><br>D.C. No. CV 03-00239-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted December 5, 2005**

Before:     GOODWIN, TASHIMA, and FISHER, Circuit Judges.

---

\*     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nancy J. Stone, a teacher formerly employed by the Hawaii Department of Education, appeals pro se from the district court's summary judgment in favor of defendants in her action alleging retaliation and discrimination based on age, gender, and race. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an award of summary judgment. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Stone's discrimination claims because Stone failed to raise a triable issue of material fact as to whether she suffered any adverse employment action. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citations omitted) (establishing elements of discrimination claim); *Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000) (fleshing out contours of "adverse employment action").

The district court properly granted summary judgment on Stone's hostile work environment claim, because the conduct she alleged (that administration officials prohibited her from allowing students to drive her vehicle on campus, prohibited her from fundraising without explicit permission, asked her to park her vehicle in a way that would hide a Bob Marley bumper sticker, and allowed

2

support staff to yell at her during a meeting) was neither so severe nor so pervasive as to alter the conditions of Stone's employment and create an abusive work environment. *See Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003). Furthermore, the racially offensive comment that she heard her fellow teacher make was not sufficient to create a triable issue of fact regarding whether the workplace was hostile. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003).

Stone failed to make a prima facie showing that she suffered discrimination in hiring, because she did not raise a triable issue of material fact as to whether she applied for and was rejected from a job for which she was qualified, but that was later filled by a teacher with equal or lesser qualifications. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Stone failed to establish a prima facie case for retaliation because she presented no evidence to show a causal connection between her protected actions and the treatment about which she complains. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 272-74 (2001).

Stone's contentions that the district court judge was biased are without support in the record. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388

3

(9th Cir. 1988) (holding that a judge's legal decisions cannot be used as evidence of bias); *see also United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) (noting that disqualification is appropriate only when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.").

Stone's remaining contentions also lack merit.

**AFFIRMED.**



4

MOATT ORALSC
CLOSED NOFILE
i

INTERNAL USE ONLY: Proceedings include all events.
04-16396 Stone v. Hawaii Dept of Educa, et al

| | |
|---|---|
| NANCY J. STONE<br>    Plaintiff - Appellant | Nancy J. Stone<br>Unit E-195<br>[NTC prs]<br>350 Harbour Cove Dr.<br>Sparks, NV 89434 |

   v.

| | |
|---|---|
| STATE OF HAWAII DEPARTMENT OF EDUCATION<br>    Defendant - Appellee | Kimberly Tsumoto<br>FAX<br>808/586/1360<br>[COR LD NTC dag]<br>AGHI - OFFICE OF THE HAWAII ATTORNEY GENERAL<br>425 Queen St.<br>Honolulu, HI 96813<br><br>James E. Halvorson, Esq.<br>808/587-2900<br>15th Fl.<br>[COR LD NTC dag]<br>Maria C. Cook, Esq.<br>808/587-2900<br>15th Fl.<br>[COR LD NTC dag]<br>AGHI - OFFICE OF THE HAWAII ATTORNEY GENERAL<br>235 S. Beretania St.<br>Honolulu, HI 96813-2406 |
| PAT HAMAMOTO, Superintendent<br>    Defendant | James E. Halvorson, Esq.<br>(See above)<br>[COR LD dag]<br>Maria C. Cook, Esq.<br>(See above)<br>[COR LD dag] |
| NORMAN SAKAMOTO, Senator<br>    Defendant | James E. Halvorson, Esq.<br>(See above)<br>[COR LD dag]<br>Maria C. Cook, Esq.<br>(See above)<br>[COR LD dag] |
| JOHN DOES 1-50<br>    Defendant - Appellee | |
| JANE DOES 1-50<br>    Defendant - Appellee | |